# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JOHN LAHNANEN, on behalf of hiself and others similarly situated,** ) | CASE NO. |
| ) | |
| Plaintiff, ) | JUDGE |
| ) | |
| v. ) | **CLASS AND COLLECTIVE ACTION** |
| ) | **COMPLAINT** |
| **GENERAL ALUMINUM MFG.** ) | |
| **COMPANY** ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff John Lahnanen ("Plaintiff"), by and through the undersigned counsel, for his Class and Collective Action Complaint against Defendant General Aluminum Mfg. Company ("Defendant"), states and alleges the following:

## INTRODUCTION

1. This case challenges Defendant's policies and practices that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("OMFWSA").

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join this case pursuant to § 216(b) (the "FLSA Classes").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related claims under the OMFWSA (the "Ohio Classes").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio wage-and-hour statutes because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. Plaintiff is an adult individual residing in Ashtabula County, Ohio.

8. At all relevant times, Plaintiff and those similarly situated were non-exempt employees of Defendant within the meaning of the FLSA and the OMFWSA, who routinely worked forty (40) or more hours per workweek for Defendant.

9. Defendant is a for-profit Ohio corporation with its principal place of business in Portage County, Ohio. Defendant can be served through its Statutory Agent, Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

10. Defendant is a manufacturer of aluminum castings and other products.

11. At all relevant times, Defendant conducted business in this judicial district.

12. At all relevant times, Defendant was an employer within the meaning of the FLSA and the OMFWSA

13. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

15. Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as Exhibit A.

## FACTUAL ALLEGATIONS

### Defendant's Failure to Pay Employees Overtime Compensation for All Hours Worked in Excess of 40 Hours Per Workweek

16. Plaintiff and other similarly situated employees began work for the day up to 15 minutes before their scheduled start time but, pursuant to Defendant's uniform companywide policy, did not start getting paid until their scheduled start time.

17. Defendant also had a policy of failing to pay employees for time worked after their shift, until they worked at least 15 minutes over their scheduled shift.

18. Plaintiff and other similarly situated employees were full time employees who were regularly scheduled to work 40 hours a week or more. Thus, Defendant's failure to pay Plaintiff and those similarly situated for all hours worked resulted in Plaintiff and those similarly situated being denied overtime compensation to which they were entitled.

**Defendant's Failure to Include Certain Compensation When
Calculating Employees' Regular Rate of Pay**

19. Defendant paid Plaintiff and other similarly situated employees a shift premium when they worked second or third shift.

20. Defendant failed to include the shift premium in Plaintiff's and other similarly situated employees' regular rate of pay for purposes of calculating the employees' overtime compensation.

21. Additionally, Defendant paid Plaintiff and other similarly situated employees bonuses for satisfactory attendance. Such bonuses were paid approximately quarterly.

22. The amount of those bonuses was not included in determining Plaintiff's and other similarly situated employees' regular rate of pay for purposes of calculating the employees' overtime compensation.

23. As a result of Defendant's failure to include shift premiums and attendance bonuses in determining Plaintiff's and other similarly situated employees' regular rate of pay for purposes of calculating the employees' overtime compensation, Plaintiff and other similarly situated were paid less overtime compensation than what they were entitled.

**COLLECTIVE ACTION ALLEGATIONS**

24. Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of two classes of other similarly-situated employees who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

25. The FIRST class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

**All former and current non-exempt hourly employees of Defendant who performed off-the-clock pre- and/or post-shift work within the three years preceding the date of filing of this Complaint to the present (the "OTC Class").**

26. The SECOND collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

**All former and current non-exempt hourly employees of Defendant who were paid a shift premium and/or received an attendance bonus and who worked more than 40 hours in any workweek at any time within the three years preceding the date of filing of this Complaint to the present (the "Regular Rate Class").**

27. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

28. The similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

29. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and two classes of current or former employees employed by Defendant at its Ohio facilities within the last two years.

30. The FIRST Rule 23 class is defined as:

5

**All former and current non-exempt hourly employees of Defendant who performed off-the-clock pre- and/or post-shift work within the two years preceding the date of filing of this Complaint to the present (the "Ohio OTC Class").**

31. The SECOND Rule 23 class is defined as:

**All former and current non-exempt hourly employees of Defendant who were paid a shift premium and/or received an attendance bonus and who worked 40 or more hours in any workweek at any time within the two years preceding the date of filing of this Complaint to the present (the "Ohio Regular Rate Class").**

32. Each class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio OTC and Ohio Regular Rate Classes but, upon information and belief, avers that each consists of at least 100 employees.

33. There are questions of law or fact common to the Ohio OTC Class including: whether Defendant failed to pay its employees for their pre- and/or post-shift activities and whether this practice resulted in the underpayment of overtime compensation.

34. There are questions of law or fact common to the Ohio Regular Rate Class including: whether Defendant's failure to include shift premiums and attendance bonuses in regular rate of pay resulted in the underpayment of overtime compensation.

35. Plaintiff will adequately protect the interests of the Ohio OTC and Ohio Regular Rate Classes (collectively the "Ohio Classes"). His interests are not antagonistic to but, rather, are in unison with, the interests of the members of the Ohio Classes. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Classes in this case.

36. The questions of law or fact that are common to each of the respective Ohio Classes predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to each class, listed above, are common to

each class as a whole, and predominate over any questions affecting only individual class members.

37. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Classes members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Overtime Violations – OTC Class)

38. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39. The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

40. Defendant violated the FLSA by having a company-wide practice and policy requiring Plaintiff and those similarly-situated to preform off-the-clock work for pre- and/or post-shift work activity, for which Defendant did not compensate Plaintiff and those similarly-situated.

41. Defendant further violated the FLSA with this company-wide practice and policy because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

42. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and all overtime compensation earned at a rate of one

and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

43. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

44. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

45. As a result of Defendant's practices and policies, Plaintiff and the OTC Class members have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (Overtime Violations – Regular Rate Class)

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates of pay.

48. Regular rate of pay is defined as "all remuneration for employment paid to, or on behalf of, the employee," with certain exceptions, none of which apply here. 29 U.S.C. § 207(e).

49. Defendant violated the FLSA by failing to include shift premiums and attendance bonuses paid to, or on behalf of, Plaintiff and those similarly-situated when calculating their regular rate of pay.

50. Defendant's practice and policy of not including all remuneration for employment paid to, or on behalf of, Plaintiff and those similarly-situated when calculating

8

their regular rate of pay caused them to receive less overtime compensation than they were entitled in violation of the FLSA.

51. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

52. As a result of Defendant's practices and policies, Plaintiff and the Regular Rate Class members have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT THREE
### (Overtime Violations – Ohio OTC Class)

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended. O.R.C. 4111.03(A).

55. Defendant violated Ohio law by having a company-wide practice and policy requiring Plaintiff and those similarly-situated to preform off-the-clock work for pre- and/or post-shift work activity, for which Defendant did not compensate Plaintiff and those similarly-situated.

56. Defendant further violated Ohio law with this company-wide practice and policy because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

57. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and all overtime compensation at a rate of one and one-

half times their regular rate of pay for all hours worked over forty (40) each workweek violated Ohio law.

58. As a result of Defendant's practices, Plaintiff and the Ohio OTC Class members have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws; and because wages remain unpaid, damages continue.

## COUNT FOUR
### (Overtime Violations – Ohio Regular Rate Class)

59. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

60. Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended. O.R.C. 4111.03(A).

61. Defendant violated Ohio law by failing to include shift premiums and attendance bonuses paid to, or on behalf of, Plaintiff and those similarly-situated when calculating their regular rate of pay.

62. Defendant's practice and policy of not including all remuneration for employment paid to, or on behalf of, Plaintiff and those similarly-situated when calculating their regular rate of pay caused them to receive less overtime compensation than they were entitled in violation of Ohio law.

63. As a result of Defendant's practices, Plaintiff and the Ohio Regular Rate Class members have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws; and because wages remain unpaid, damages continue.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, and all similarly-situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) for the two FLSA Classes (OTC and Regular Rate) and direct that Court-approved notice be issued to similarly-situated employees informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S. C. § 216(b), and the Ohio Classes;

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class he represents pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email:  hans@ohlaborlaw.com
            sdraher@ohlaborlaw.com

Jeffrey J. Moyle (0084854)
614 W. Superior Ave., Suite 1148
Cleveland, OH 44113
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: jmoyle@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Hans A. Nilges*
Hans A. Nilges

*Counsel for Plaintiff*