# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JOHN LAHNANEN**, on behalf of himself and all others similarly situated, | ) ) ) CASE NO.: 5:20-cv-1066 |
| Plaintiff, | ) ) MAGISTRATE JUDGE KATHLEEN ) BURKE |
| vs. | ) ) |
| | ) **JOINT MOTION FOR** |
| **GENERAL ALUMINUM MANUFACTURING COMPANY**, | ) **CERTIFICATION OF THE** ) **SETTLEMENT CLASS AND FINAL** |
| | ) **APPROVAL OF CLASS ACTION** |
| Defendant. | ) **SETTLEMENT AGREEMENT, AND** |
| | ) **OTHER ASSOCIATED RELIEF** |

Representative Plaintiff John Lahnanen ("Representative Plaintiff"), on behalf of himself and the members of proposed settlement Class ("Class Members"), and General Aluminum Manufacturing Company ("Defendant") respectfully request that this Court enter an order certifying the settlement class and approving, as fair, reasonable, and adequate, the settlement of this class action pursuant to Fed. R. Civ. P. 23(e).

This settlement is ripe for final approval. In anticipation of the August 27, 2021, Fairness hearing, the parties file this motion and ask the Court to enter an order:

- Certifying, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), a settlement class consisting of 737 present and former hourly employees of Defendant who worked more than forty hours in one or more workweeks during the period of May 15, 2017 to June 30, 2020;

- Approving, pursuant to Fed. R. Civ. P. 23(e)(2), the settlement of this action as "fair, reasonable, and adequate";

- Approving class members' waiver of their wage and hour claims as provided in the Settlement Agreement;

- Approving the payment of $89,032.17 to be paid to the 737 class members who have not requested exclusion from the settlement;

- Approving the payment of a $5,000 service award to Plaintiff;

- Appointing, pursuant to Fed. R. Civ. P. 23(g)(1) Hans A. Nilges and Jeffrey J. Moyle of Nilges Draher LLC as class counsel;

- Approving, pursuant to Fed. R. Civ. P. 23(h), a payment to class counsel of $54,166.67 in attorney's fees and $6,801.16 in litigation expenses;

- Approving Analytics Consulting, LLC as Settlement Administrator; and

- Approving a payment to the settlement administrator of $7,500.00 for the administration of the settlement.

A proposed Final Order and Judgment Entry is attached as Exhibit 1. The reasons for this Motion are as follows:

**I.  PROCEDURAL HISTORY**

On May 15, 2020, Plaintiff filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and as a class action pursuant to Fed. R. Civ. P. 23 under the Ohio Minimum Fair Wage Standards Act ("OMFSWA") (Doc. No. 1).  The action contests Defendant's alleged failure to properly pay Plaintiff and its hourly employees overtime pay.  Specifically, Plaintiff alleges that Defendant failed to properly roll non-discretionary attendance bonuses into its hourly employees' overtime pay; that Defendants failed to properly roll shift differentials into its hourly employees' overtime pay; and improperly rounded its hourly employees' timeclock punch-in and punch-out times. (Doc. 1). Defendant denies these allegations. (Doc. No. 7).

Shortly after this case was filed, the parties began discussing the possibility of early resolution.  On April 14, 2021, the parties engaged in mediation with well-respected mediator and former Lake County Court of Common Pleas Judge Joseph Gibson, and were able to reach a resolution of this case.  The settlement requires Defendant to make a total settlement payment of $162,500.00.  If approved, the settlement will be distributed as follows:  (i) $89,032.17 will be

paid to 737[1] class members who have not requested exclusion from the settlement; (ii) a $5,000 Service Award will be paid to Representative Plaintiff; (iii) $54,166.67 in attorney's fees will be paid to class counsel; (iv) $6,801.16 in expenses will be paid to class counsel; and (v) $7,500.00 will be paid to Analytics Consulting, LLC ("Analytics") for the administration of the settlement.

On June 9, 2021, this Court granted preliminary approval of the settlement, preliminarily certified the class, approved Individual Plaintiff John Lahnanen as Class Representative, appointed Hans A. Nilges and Jeffrey J. Moyle of Nilges Draher LLC as class counsel; and approved Analytics as Settlement Administrator. (Doc No. 28). The Court also approved the settlement notice and directed the Parties to send notice to putative members of the Class informing them of the pendency of this action, the proposed settlement, and the date of a Fairness Hearing. (*Id.*).

Plaintiff engaged Analytics as the Settlement Administrator. (*See* Declaration of Jeff Mitchell (hereinafter "Mitchell Dec.") attached as Exhibit 2, at ¶ 2). Analytics was provided with a list that contained the names and last-known mailing addresses for the 737 Class Members. (*Id.* at ¶ 3). On June 29, 2021, Analytics mailed by first-class mail the Court-approved "Notice of Proposed Class Action Settlement and Fairness Hearing" to the Class Members. (*Id.* at ¶ 5). A total of 96 notices were returned as undeliverable. Analytics was able to trace and re-mail notices to 28 of those class members. (*Id.* at ¶ 6).

The Notice gave Class Members until July 29, 2021 to request exclusion from the class or object to the settlement. (*Id.* at ¶ 7). No Class Members opted-out of the settlement, and none

---

[1] The Settlement Agreement states that the Settlement Class consists of approximately 743 class members. When compiling the address list for Plaintiff's counsel following this Court's preliminary approval of the Settlement Agreement, Defendant identified several "duplicate" putative class members who had appeared twice in the system due to a name change and other minor clerical errors in the class list. The Settlement Administrator identified an additional duplicate.

objected to the settlement. (*Id.* at ¶¶ 7-8). Having completed the notice process, the Parties now move this Court for final approval of the settlement.

## II. LAW AND ANALYSIS

### A. The Standard For Approval Of A Class Action Settlement.

"Before approving a binding settlement, the Court must conclude that it is 'fair, reasonable, and adequate.'" *Kis v. Covelli Enters.*, No. 4:18-cv-54, 2020 U.S. Dist. LEXIS 93929, at *7 (N.D. Ohio May 29, 2020) (citing Fed.R.Civ.P. 23(e)(2)); *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). Under Fed.R.Civ.P. 23(e)(2), when making this determination Courts must consider whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

   (i) the costs, risks, and delay of trial and appeal;

   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims;

   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

   (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Additionally, when determining whether a class action settlement is fair, reasonable, and adequate, Courts consider: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Kis*, 2020 U.S. Dist. LEXIS 93929 at *8.

### B.     The Standard For Final Approval Has Been Met.

In the Parties' Joint Motion for Preliminary Approval of Class Action Settlement Agreement, the Parties analyzed each of the seven factors used in the Sixth Circuit to determine whether a class action settlement is fair, reasonable, and adequate. (*See*, Doc. No. 27 at pp. 9-11). The arguments set forth in the Motion for Preliminary Approval also demonstrate why settlement should be approved under the factors set forth in Fed.R.Civ.P. 23(e)(2).

First, Representative Plaintiff and class counsel have adequately represented the Collective and the Class, and the settlement was negotiated at arm's length. The settlement was reached after mediation with retired Judge Joseph Gibson, during which the Parties debated the factual and legal issues in this case, exchanged numerous settlement proposals, and ultimately reached a Settlement Agreement to resolve this matter on terms that, in class counsel's opinion, represents a substantial recovery by the Collective and the Class without the inherent risk of loss should this case continue through litigation, trial, and appeal. Moreover, the settlement was reached after each Party had the opportunity to evaluate Defendant's time and payroll data to determine the potential damages at issue if this case were to continue and if Plaintiff were to prevail on the merits.

Second, the relief provided by the settlement is adequate. As set forth in the Motion in Support of Preliminary Approval, if this case did not settle, the Parties would engage in complex and lengthy litigation that could result in no recovery at all by the Collective and the Class. Furthermore, even if the Collective and the Class were to prevail on the merits, the amount of recovery is uncertain and something upon which the Parties continue to disagree.  In contrast, the settlement provides substantial relief on a class-wide basis, without any risk of loss. Indeed, the settlement in this case exceeds the "expected value" calculation performed by Class Counsel, which Class Counsel uses as a guidepost to determine whether a proposed settlement would be a

fair and adequate settlement of a class action. (*See*, Declaration of Jeffrey J. Moyle, Doc No. 27-2 at ¶¶ 20-23). Consequently, the settlement confers substantial relief on Class Members without the attendant risk of loss.

Moreover, the results of the notice process weigh strongly in favor of approval. The fact that no Settlement Class Members have objected to or opted out of the settlement shows that the affected individuals support the settlement and want it to be approved.

Finally, the settlement treats Class Members equitably relative to each other. Under the terms of the settlement, individual payments to Class Members will be calculated proportionally based on the number of workweeks each Class Member worked during the period of May 15, 2017 and the date of final Court Approval. As such, each Class Member will be compensated for alleged unpaid wages in an amount that is proportional to the amount of time he or she was employed by Defendant within the period of time covered by the settlement.

In sum, the settlement confers substantial benefits on Class Members, eliminates any risk of loss should this case continue to be litigated, was negotiated on an arm's length basis with assistance from a neutral third-party mediator, and is in the best interest of the Class. Accordingly, for the reasons addressed herein and in the Joint Motion for Preliminary Approval of Class Action Settlement, the Parties respectfully request that the Court approve this settlement and enter the proposed Final Order and Judgment Entry attached as Exhibit 1.

Respectfully submitted,

| | |
|---|---|
| *s/ Jeffrey J. Moyle* | *s/ Lauren M. Drabic (with consent)* |
| Jeffrey J. Moyle (0084854) | Stephen S. Zashin (0064557) |
| NILGES DRAHER, LLC | Lauren M. Drabic (0097448) |
| 1360 E. 9th Street, Suite 808 | ZASHIN & RICH CO., L.P.A. |
| Cleveland, OH 44114 | 950 Main Avenue, 4th Floor |
| Telephone: (216) 230-2955 | Cleveland, OH 44113 |
| jmoyle@ohlaborlaw.com | Telephone: (216) 696-4441 |
| | Fax: (216) 696-1618 |
| Hans A. Nilges (0076017) | ssz@zrlaw.com |
| Shannon M. Draher (0074304) | lmd@zrlaw.com |
| 7266 Portage Street N.W., Suite D | |
| Massillon, OH 44646 | *Attorneys for Defendant* |
| Telephone: (330) 470-4428 | |
| Fax: (330) 754-1430 | |
| hans@ohlaborlaw.com | |
| sdraher@ohlaborlaw.com | |
| | |
| *Attorneys for Plaintiff* | |