UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN LAHNANEN, on behalf of himself and all others similarly situated, | ) ) ) | CASE NO.: 5:20-cv-1066 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MAGISTRATE JUDGE KATHLEEN BURKE |
| GENERAL ALUMINUM MANUFACTGURING COMPANY, | ) ) ) ) | **FINAL ORDER AND JUDGMENT ENTRY** |
| Defendant. | ) | |

Plaintiff John Lahnanen ("Representative Plaintiff") and Defendant General Aluminum Manufacturing Company ("Defendant") have moved the Court to approve, as fair and reasonable, a Class Action Settlement Agreement ("Settlement Agreement") between Plaintiff and Defendant pursuant to Fed. R. Civ. P. 23(e).

Having reviewed the Settlement Agreement, as well as the Parties' Motion for Approval of Class Action Settlement Agreement ("Motion for Approval"), the Declaration of Jeffrey J. Moyle appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Final Order and Judgment Entry ("Final Order") and hereby ORDERS, ADJUDGES AND DECREES as follows:

1.  Unless otherwise defined, all terms used in this Final Order have the same meanings as defined in the Settlement Agreement.

2.  On May 15, 2020, Plaintiff filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and as a Rule 23 Class Action under the Ohio Minimum Fair Wage Standards Act ("OMFSWA"), O.RC. § 4111.03.

3. Shortly after this case was filed, the parties began discussing the possibility of early resolution. The parties engaged in informal discovery regarding the alleged claims and asserted defenses.

4. On April 14, 2021, the parties engaged in mediation with well-respected mediator and former Lake County Court of Common Pleas Judge Joseph Gibson. The Parties reached a resolution.

5. The Parties' Amended Motion for Preliminary Approval of Class Action Settlement was filed on June 8, 2021.

6. The Settlement Agreement proposes to settle claims of Representative Plaintiff and the proposed Class. The proposed class settlement is subject to approval by the Court pursuant to Fed. R. Civ. P. 23(e).

7. The issues in this case were contested. A Settlement Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and OMFWSA claims.

8. On June 9, 2021, the Court entered a Preliminary Order provisionally certifying the Class pursuant to Rule 23(a) and (b)(3), granting preliminary approval of the Settlement Agreement Class pursuant to Rule 23(e), and approving the form, content, and method of distribution of notices to class members of the pendency of this Action, the proposed settlement, and the date of the Fairness Hearing ("Class Notice"). The Court provisionally approved Representative Plaintiff John Lahnanen as class representative of the Class, and his Service Award, and appointed as class counsel Hans A. Nilges and Jeffrey J. Moyle of Nilges Draher LLC, and the payment of attorneys' fees to Plaintiff's Counsel.

9. Class Counsel has filed with the Court a Declaration verifying that the Class Notice was distributed to the members of the Class in the form and manner approved by the Court.

10. The Fairness Hearing was convened as noticed on August 27, 2021.

11. The Court finds that the members of the Class were given notice of the pendency of this Action, the proposed settlement, and the date of the Fairness Hearing as ordered by the Court.  The Court further finds that the notice was reasonable and the best notice practicable, and satisfied all of the requirements of Civ. R. 23 and due process.

12. As to Representative Plaintiff and the Class, the Court finds that the proposed settlement satisfies the standard for final approval of a class action settlement under Fed. R. Civ. P. 23(e).  The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority.  Representative Plaintiff John Lahnanen is an adequate representative of the Class in that he is a member of the class and possesses the same interests and suffered the same injuries as the class's other members.  The definition of the Class encompasses persons with like factual circumstances and like claims.  The settlement payments made available to the members of the Class are commensurate with their alleged claims.  The Court finds that the proposed settlement is fair, reasonable, and adequate as to the Class, and qualifies for final approval under Rule 23(e).

13. The Court approves the Settlement Agreement and orders that it be implemented according to its terms and conditions and as directed herein.

14. The Court approves the method of calculation and proposed distribution of settlement payments.  The total Settlement Payment, after deduction of the Service Award to

Representative Plaintiff, attorneys' fees, and litigation reimbursements to Plaintiff's Counsel, is to be distributed to the Representative Plaintiff and members of the Settlement Class *pro rata* based on the number of workweeks each Class Member worked between May 15, 2017 and June 30, 2020 in comparison to the total number of workweeks worked by all Class Members during that period. The Parties have submitted the proposed Schedule of Individual Payments to the Court for approval.  The Court approves the Schedule of Individual Payments and orders that such payments be distributed in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

15. The Court approves the Service Award to Representative Plaintiff in recognition of his service in this Action, and orders that such payment be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

16. The Court approves the payment of attorneys' fees and litigation expenses to Class Counsel in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

17. The Court approves the payment of settlement administration costs to Analytics Consulting, LLC in the amount of $4,860.

18. Representative Plaintiff and the members of the Class release claims against Defendant as provided in the Settlement Agreement.  Representative Plaintiff also releases claims as provided in the separate Settlement and Release Agreement entered into between Representative Plaintiff and Defendant.

19. The Court DISMISSES THIS ACTION WITH PREJUDICE.

20. The Parties are to bear their respective attorneys' fees and costs except as provided in the Settlement Agreement.

- 5 -

21. The Court retains jurisdiction over this Action for the purpose of enforcing the Settlement Agreement.

22. There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately.

IT IS SO ORDERED this __27th__ day of __August__, 2021.

/s/ Kathleen B. Burke
Honorable Kathleen Burke
United States Magistrate Judge